UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20762-CIV-LENARD/O'SULLIVAN

I.T.N. CONSOLIDATORS, INC., and
I.T.N. OF MIAMI, INC.,

    Plaintiffs,

v.

NORTHERN MARINE UNDERWRITERS, LTD.,
individually and as agents for
LLOYDS OF LONDON, WATKINS SYNDICATE
(WTK/457),

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiffs' Motion to Compel Discovery and for Sanctions (DE# 196, 2/7/14). Having reviewed the motion, response and reply, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion to Compel Discovery and for Sanctions (DE# 196, 2/7/14) is GRANTED in part and DENIED in part.  The plaintiffs' motion to compel discovery is GRANTED.  The defendant shall respond to the Interrogatories served December 3, 2014 within thirty (30) days of the date of this Order.  The plaintiffs' motion for sanctions is DENIED.

The Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction raises factual issues.  See Reply pp. 2-4 (DE# 203, 3/11/14).  The defendant's challenge to the subject matter jurisdiction of this Court resulted from the Eleventh Circuit's decision on appeal and the subsequent remand of this case.  Thus, the subject matter issue arose outside of the expiration of the discovery deadline on the merits.  The plaintiffs

seek discovery on the jurisdictional issue and the undersigned believes that the plaintiffs should be given an opportunity to undertake reasonable discovery.  See Majd-Pour v.  Georgiana Community Hospital, Inc., 724 F.2d 901, 903 (11th Cir. 1984) (holding that the district court's dismissal without affording the plaintiff any opportunity to proceed with reasonable discovery was premature and an abuse of the court's discretion).

      Sanctions are not warranted.  The plaintiffs did not seek leave of court before serving the interrogatories notwithstanding that the discovery period expired January 30, 2010 (after two extensions of the discovery deadline).  (DE# 55) The Court's Scheduling Order requires a showing of good cause and leave of court to conduct discovery past the Court-ordered deadlines.   (DE# 9) The plaintiffs served the subject interrogatories regarding jurisdiction on December 3, 2013 without first seeking leave of court.  The defendant maintains that because the plaintiffs served the subject interrogatories outside the Court-ordered deadline and without leave of Court, the defendant had no duty to respond or file a motion for protective order.
Local Rule 26 1(f)(2); see Danger v. Wachovia Corp., Case No. 10-61818-CIV-COHN/SELTZER (S.D. Fla. 2011).  Thus, the motion for sanctions is DENIED.

      DONE AND ORDERED, in Chambers, at Miami, Florida, this 2nd day of April, 2013.

                                          JOHN J. O'SULLIVAN
                                          UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States Judge Lenard
All Counsel of Record