UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-20762-CIV-LENARD/GOODMAN

I.T.N. CONSOLIDATORS,
INC., et al.,

    Plaintiffs,

v.

NORTHERN MARINE
UNDERWRITERS, LTD.,

    Defendant.
_____/

## ORDER DENYING MOTION FOR FEES AND COSTS WITHOUT PREJUDICE AND GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE AMENDED MOTION FOR ATTORNEY'S FEES

United States District Judge Joan A. Lenard denied without prejudice Plaintiffs I.T.N. Consolidators, Inc. and I.T.N. of Miami, Inc.'s (collectively "Plaintiffs") original request for attorney's fees and costs[1] and referred future motions for costs and attorney's fees to the Undersigned. [ECF No. 221]. Plaintiffs filed a renewed motion for attorney's fees and costs. [ECF No. 233]. Defendant filed an opposition. [ECF No. 234]. Plaintiffs filed a reply memorandum concerning only the costs portion of its request, which also included a motion for leave to file an amended motion for attorney's fees.

---

[1] The briefing on the original request for fees and costs was encompassed within cross-motions for summary judgment concerning damages [ECF Nos. 148; 149; 150; 151; 165; 168; 182; 183], on which the Undersigned issued a report and recommendations [ECF No. 214].

[ECF No. 237]. Defendant opposes the motion to amend. [ECF No. 238]. Plaintiffs filed a reply memorandum concerning that motion. [ECF No. 239]. The parties consented to have a magistrate judge issue an order (as opposed to a report and recommendations) on these motions. [ECF Nos. 7; 221, p. 5].

The Undersigned will first address Plaintiffs' motion for costs [ECF No. 233, p. 4], and then address Plaintiffs' motion for leave to file an amended motion for attorney's fees [ECF No. 237, pp. 1-5]. For the reasons outlined below, the Undersigned **denies without prejudice** Plaintiffs' renewed motion for attorney's fees and costs [ECF No. 233], and **grants in part and denies in part** Plaintiffs' motion for leave to file an amended motion for attorney's fees [ECF No. 237].

## I.   Motion for Costs

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorneys' fees -- should be allowed to the prevailing party." Local Rule 7.3(c) establishes guidelines for a bill of costs, specifically referencing 28 U.S.C. § 1920. Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;

>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Although the prevailing party is entitled to costs, the court can still exercise its discretion in awarding the costs enumerated in § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). When challenging whether costs are taxable, "the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009). Despite this burden, a court is limited to taxing only those costs specifically authorized by statute. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

Additionally, Local Rule 7.3(c) provides that "[t]he bill of costs **shall attach copies of any documentation showing the amount of costs** and **shall be supported** by **a memorandum** not exceeding ten (10) pages." (emphasis supplied).

Plaintiffs seek a total of $9,316.01 in taxable costs, including $960 in fees of the clerk, $85 for service of summons and subpoena, $5,931.15 in transcript costs, $40 in fees for witnesses, and $2,299.86 in copying costs. [ECF No. 233-2]. Plaintiffs did not attach any documentation to support its costs request, except for an affidavit of its counsel attesting to the costs listed on the Bill of Costs. [ECF No. 233-1]. Additionally, Plaintiffs'

3

"memorandum" consists of only the following: "As the prevailing parties, ITN is entitled to recover costs under 28 U.S.C. §1920 and Local Rule 7.3. ITN attaches hereto the Affidavit of Michael S. Olin attesting to the costs." [ECF No. 233, p. 4].

After Defendant challenged the Bill of Costs as being deficient for failure to attach supportive documentation (among other purported errors) [ECF No. 234, pp. 5-7], Plaintiffs' counsel filed a supplemental affidavit stating that "[h]ad Defendant wished additional information, including actual invoices from us, we would have gladly provided such." However, the supporting documentation is not optional or necessary only when the opposing side makes a request; the law *requires* the backup documents. *See Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008) (Bills of cost must be accompanied by sufficient documentation to "allow the court to determine whether the documents were necessarily obtained for use in the case."). Plaintiff's inference that compliance with Local Rule 7.3(c) is somehow optional is incorrect.

Plaintiffs provided invoices documenting some of the costs with its reply memorandum. [ECF No. 237-1]. However, the Court cannot consider new materials presented for the first time in the reply. *See United States v. Day*, 405 F.3d 1293, 1294 (11th Cir. 2005) (treating issues and contentions raised for the first time in a reply brief as waived or abandoned).

In addition to filing an inadequate Bill of Costs without adequate documentation, Plaintiffs submitted a "memorandum" which is nothing more than a simple demand for costs, not a memorandum of law concerning the substance of the motion and justifying the demands in the bill of costs.

Accordingly, Plaintiffs' motion for costs [ECF No. 233] is **denied without prejudice**. However, Plaintiffs may refile the Bill of Costs with the appropriate documentation and memorandum of law. The memorandum need not be a treatise, but it surely must be more than one sentence.

## II.     Motion for Leave to Amend Motion for Attorney's Fees

Plaintiffs admit that they "mucked up" [ECF No. 237, p. 5] Local Rule 7.3 concerning their renewed motion for fees and costs. Specifically, Plaintiffs' motion unilaterally (without leave of Court) bifurcated the attorney's fees motion to a motion solely addressing entitlement. [ECF No. 233]. In addressing this situation before, the Undersigned stated the following:

> Although there are some courts which permit a party to bifurcate attorney's fees motions without leave of Court, the Undersigned has not adopted this approach. To the contrary, the Undersigned has issued at least two opinions published by Lexis which reject this procedure. Both of these cases are cited in [the plaintiff's] reply. *Gables Ins. Recovery v. United Healthcare Ins. Co.,* No. 13-21142, 2013 U.S. Dist. LEXIS 113376 (S.D. Fla. Aug. 12, 2013); *Carreras v. PMG Collins, LLC,* No. 12-23150, 2013 U.S. Dist. LEXIS 45593 (S.D. Fla. March 29, 2013). Moreover, Local Rule 7.3 does not provide a mechanism for the unilateral bifurcation of these issues; it allows bifurcation only if the Court approves after an appropriate motion is filed.

*Latele Television, C.A. v. Telemundo Commc'ns Grp., LLC*, No. 12–22539–CIV, 2015 WL 1412326, *4 (S.D. Fla. Mar. 26, 2015). Plaintiffs did not file an appropriate motion.

As one court in this district has noted, Local Rule 7.3's requirements are not optional, but mandatory. *Norych v. Admiral Ins. Co.*, No. 08-60330-Civ-Altonaga, 2010 WL 2557502, *2 (S.D. Fla. Jun. 23, 2010). A party's failure to comply with Local Rule 7.3 is a sufficient basis to deny its fees and costs motion. *Id.* (denying motion because movant admitted that it did not comply with Local Rule 7.3(b)'s 30-day service requirement or 21-day conferral requirement) (citing *Provide Commerce, Inc. v. Preferred Commerce, Inc.*, No. 07–80185-Civ-Ryskamp, 2008 WL 360591, *2 (S.D. Fla. Feb. 8, 2008)). Accordingly, the Court **denies without prejudice** Plaintiffs' renewed motion for attorney's fees [ECF No. 233].

However, the Court **grants in part** Plaintiffs' motion for leave to file an amended motion for attorney's fees. Because the Court is denying Plaintiffs' motion without prejudice, they may refile their motion for attorney's fees in compliance with Local Rule 7.3. However, the Undersigned **denies** Plaintiffs' request to bifurcate the fees motion. The Court considers bifurcation in this instance to be an inefficient use of the Court's and the parties' resources. Given the acrimonious history between the parties and counsel in this case (*see* the extensive docket sheet dating back to 2009), the Court finds it unlikely that the parties would be able to agree on an amount of fees if the Court were to find entitlement. The Undersigned notes that the parties were unable to mediate the

amount of damages after summary judgment had been entered in Plaintiffs' favor. [ECF Nos. 212, 213]. Accordingly, I find that bifurcation is not appropriate here.

Therefore, Plaintiffs' motion for leave to file an amended motion for attorney's fees is **granted in part and denied in part**.

Plaintiffs have until July 22, 2016 to file an amended costs application. Plaintiffs shall, by July 22, 2016, serve, but not file, an amended, non-bifurcated motion for attorney's fees on Defendant in compliance with Local Rule 7.3(b). The parties shall fully comply with Local Rule 7.3(b), and, if, after those conferral requirements are exhausted, there is still a dispute as to entitlement and amount, then Plaintiffs may file the amended, non-bifurcated motion.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, July 13, 2016.

<br>

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
Honorable Joan A. Lenard
All Counsel of Record